**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5241**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CLYDE LEWIS MORRIS, JR., a/k/a Smokey,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  Irene M. Keeley, Chief
District Judge.  (3:00-cr-00025-WCB)

_____

Submitted:  April 16, 2007            Decided:  May 14, 2007

_____

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

L. Richard Walker, Assistant Federal Public Defender, Clarksburg,
West Virginia, for Appellant.  Sharon L. Potter, United States
Attorney, Thomas O. Mucklow, Assistant United States Attorney,
Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyde Lewis Morris, Jr. appeals the district court's judgment revoking his supervised release and sentencing him to eleven months' imprisonment, the high end of the advisory guidelines' range of imprisonment. Morris' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there exist no meritorious grounds for appeal but questioning whether the district court erred by considering incidents not noted by the probation officer as violations of supervised release. Morris was notified of the opportunity to file a pro se supplemental brief but chose not to do so. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable, and if so, whether it is "plainly" so. Id. While the district court must consider the Chapter 7 policy statements and statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583 (2000), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum.

We find no error in the district court's decision to discuss incidents at sentencing that did not put Morris in a favorable light. The court stated it would not sentence Morris based on information not known to counsel prior to sentencing. In any event, the sentence was reasonable. Morris had nine violations to his supervised release. Some of the violations included committing crimes.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Morris' sentence. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>